# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MATTHEW D. S., ) | |
| ) | No. 19 C 3292 |
| Plaintiff, ) | |
| ) | Magistrate Judge M. David Weisman |
| v. ) | |
| ) | |
| ANDREW SAUL, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Matthew D. S. appeals the Commissioner's decision denying his application for Social Security benefits. For the reasons set forth below, the Court reverses the Commissioner's decision.

## Background

Plaintiff filed an application for benefits on July 31, 2015, alleging a disability onset date of May 1, 2015. (R. 91.) His application was denied initially and on reconsideration. (R. 97-98.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on October 25, 2017. (R. 32-82.) On April 16, 2018, the ALJ issued a decision denying plaintiff's application. (R. 15-26.) The Appeals Council declined review (R. 1-3), leaving the ALJ's decision as the final decision of the Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

## Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous,

it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002) (citation omitted).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a). The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four. 20 C.F.R. § 404.1560(c)(2); *Zurawski*, 245 F.3d at 886. If that burden is met, at step five, the burden shifts to the Commissioner to establish that the claimant is capable of performing work existing in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date. (R. 18.) At step two, the ALJ determined that plaintiff has the severe impairments of inflammatory arthritis, rheumatoid arthritis, and obesity. (*Id.*) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (R. 19.) At step four, the ALJ found that plaintiff has the residual functional capacity ("RFC") to perform his past relevant work

as a financial manager, executive housekeeper, and facility planner, and thus he is not disabled. (R. 19, 24-26.)

Plaintiff argues that the ALJ's evaluation of plaintiff's subjective symptoms is flawed. The ALJ said:

> [P]laintiff's allegations [of severe pain, stiffness, and fatigue] are inconsistent with his otherwise unremarkable examinations. At many examinations, most of his joints were unremarkable. Although he had flare ups, they were deemed short-lived and he was reported as doing well. At multiple appointments [plaintiff] only reported one hour of stiffness in the mornings. He was also found to have a good response to both Humira and steroid injections, and reported that his left elbow pain was relieved by compresses. Additionally there were gaps in treatment and periods of time when [plaintiff] was not on any medication, and no back pain or hand pain was reported. Despite reporting that he had to take frequent naps during the day and use a cane to walk, there is no evidence in the record that he discussed these issues with his doctor. Lastly, despite alleging constant, severe pain, there is evidence of only one emergency room visit, where [plaintiff] was deemed stable and sent home.

(R. 21-22) (citations omitted). Moreover, the ALJ said, plaintiff's allegations were inconsistent with his reported activities of daily living, which include: (1) bathing and dressing himself; (2) preparing simple meals; (3) studying for an online class; (4) driving; (5) managing his own money; and (6) attending church weekly. (R. 22.)

The medical evidence does not support the ALJ's assertions. For example, the December 1, 2015 record she cites for the notion that plaintiff's exams have shown "most of his joints [to be] unremarkable," he "was . . . doing well," and "only reported" morning stiffness says that plaintiff's "MTPs [metatarsophalangeal][1] MCPs [metacarpophalangeal][2] and PIPs [proximal interphalangeal],[3] *i.e.*, the small joints in his hands and feet, "seem to be unremarkable at this

---

[1] MTPs are the joints between the bones of the foot and the bones of the toes. *See* https://www.healthline.com/health/mtp-joint (last visited Feb. 4, 2020).
[2] MCPs are the joints in the hand at the base of each finger. https://www.healthline.com/health/mtp-joint#location (last visited Feb. 4, 2020).
[3] PIPs are the middle joints of the fingers. *See* https://www.rushortho.com/body-part/hand/pip-joint-dislocation (last visited Feb. 4, 2020).

time," but also that he has "continued discomfort in both upper and lower extremities" and "synovitis[4] involving his right shoulder[,] left elbow[,] and left subtalar joint,"[5] *i.e.*, pain and inflammation in his large joints. (R. 371.) These observations are echoed by the other evidence the ALJ cites. (*See* R. 384 (stating that "[s]mall joints of hands and feet are unremarkable," but "there [is] modest effusion [excessive fluid] of left knee with restricted range of motion," restricted range of motion of the right shoulder, "tenderness about the left elbow with a 30° flexion contracture," and slight swelling of the left ankle with "limited range of motion [and] tenderness"); R. 432 (noting "L elbow with swelling, limited ROM secondary to swelling, pain. R. knee with effusion"); R. 451 (assessing "active rheumatoid arthritis" and stating that "there is synovitis involving the right knee with probably a small effusion," "restricted range of motion[,] and heat as well").) The ALJ's assessment is particularly problematic given that she acknowledged that plaintiff was diagnosed with "moderate rheumatoid arthritis with predominant large joint involvement" (R. 20), but she focused her analysis on the condition of plaintiff's small joints. *See Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014) (remand appropriate when ALJ's decision is based on serious factual mistakes). Moreover, though the ALJ notes "gaps in treatment," she fails to mention that plaintiff attributed them to loss of insurance, not improvement in function. (*See* R. 380, 431.) Finally, the ALJ finds significant plaintiff's lack of back pain, his failure to report fatigue to his doctor, and the fact that he went to the emergency room only once for treatment of his chronic pain (R. 22), but she fails to explain why.

---

[4] "Synovitis occurs when the membrane that lubricates and protects the bones from friction damage becomes inflamed. This clear, thick synovial fluid of the membrane is found surrounding the joints of the ankles, knees, hips, shoulders, and wrists. The excess fluid secretion is a result of various factors, which cause excruciating pain, swelling, and lack of range of motion." *See* https://www.doctorshealthpress.com/general-health-articles/synovitis-causes-symptoms-treatment/ (last visited Feb. 4, 2020).

[5] The subtalar joint . . . is a compound joint positioned directly below the ankle joint," which "helps to readjust the lateral (side-to-side) position of your foot as you navigate uneven or shifting terrain." https://www.verywellhealth.com/what-is-the-subtalar-joint-1337686 (last visited Feb. 4, 2020).

The ALJ's assertion that plaintiff's allegations are belied by his activities of daily living is equally unsupported. The ALJ says plaintiff can bathe and dress himself but fails to mention that he does so slowly, cannot put on a tie, a belt, or tie his shoes, and uses "an extended bath stick to put soap on [his] body." (R. 249, 279.) Further, the ALJ notes that plaintiff can study at home for an hour or two, make a sandwich, drive his daughter to school, manage money, and attend church weekly. (R. 22; *see* R. 250, 252, 280-81.) But the ALJ does not explain how these activities impugn his claim that he suffers from chronic pain in his right shoulder, left elbow, and left ankle or demonstrate that he is able to work full time. *See Beardsley*, 758 F.3d at 838 (stating that an ALJ should exercise caution in equating daily activities with the challenges of full-time work).

In short, the ALJ's assessment of plaintiff's symptoms is not supported by substantial evidence. Further, because that assessment informs the ALJ's RFC determination and her conclusion that plaintiff can perform his past relevant work, this case must be remanded.

## Conclusion

For the reasons set forth above, the Court denies the Commissioner's motion for summary judgment [23], reverses the Commissioner's decision, and remands this case pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**                              **ENTERED: February 27, 2020**

*M. David Weisman*

**M. David Weisman**
**United States Magistrate Judge**